# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2022 CA 0974

## CHRISTOPHER CONROY

## VERSUS

## SUZICO, L.L.C, MADELINE AHLGREN MELANSON AND JARED BLACKBURN

*Judgment Rendered:* **FEB 2 4 2023**

********

Appealed from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C702091 Division D, Section 21

The Honorable Ronald R. Johnson, Judge Presiding

********

| | |
|---|---|
| Mary Kathryn Gimber<br>William L. Caughman, III<br>Jourdan Curet<br>Randy R. Cangelosi<br>Baton Rouge, Louisiana | Counsel for Defendant/Plaintiff-in-Cross-Claim/Appellant<br>Suzico, L.L.C. |
| Michael O. Adley<br>James H. Gibson<br>Lafayette, Louisiana | Counsel for Defendant/Defendant-in-Cross-Claim/Appellee<br>Madeline Ahlgren Melanson |

********

BEFORE: WELCH, PENZATO, AND LANIER, JJ.

Penzato, J. concurs

Welch J. concurs in result without reasons

**LANIER, J.**

The appellant, Suzico, L.L.C. (Suzico), appeals the summary judgment of the Nineteenth Judicial District Court in favor of the appellee, Madeline Ahlgren Melanson. For the following reasons, we reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On November 25, 2020, Christopher Conroy, the plaintiff in the instant case, filed a petition for specific performance, attorney fees, and damages against Suzico and Ms. Melanson. Mr. Conroy alleged that Suzico was a Louisiana limited liability company that owned commercial property in Baton Rouge, which Mr. Conroy had attempted to purchase. Mr. Conroy and Suzico allegedly entered into an agreement to purchase and sell the property on August 25, 2020, wherein Mr. Conroy agreed to purchase the property for $1.44 million. Mr. Conroy alleged that Ms. Melancon was the legal representative of Suzico, and she digitally signed the agreement to purchase and sell, although she is not represented on the document as signing on behalf of Suzico.

On October 21, 2020, Mr. Conroy and Suzico allegedly agreed to an extension to the date of the closing. This addendum to the agreement was signed by Jared Blackburn, who was not represented on the document as representing Suzico; however, Mr. Conroy claimed that a certificate of authority for Suzico, which was executed on October 23, 2020, granted authority to Mr. Blackburn to sign acts of sale and other legal documents on behalf of Suzico. The document grants the same authority to Susan Waters and Thomas Waters, who are the two members of Suzico, but not to Ms. Melanson. Additionally, minutes of a special meeting held on October 2, 2020 by the members of Suzico reflect that Mr. Blackburn was granted the authority to enter into agreements to purchase and sell property on behalf of Suzico. Mr. Conroy alleged that despite these documents,

2

Ms. Melanson, upon Mr. Conroy's information and belief, had executed purchase agreements on behalf of Suzico in the past.

Mr. Conroy further alleged that on November 13, 2020, he received a letter from an attorney for Suzico, which stated that Ms. Melanson did not have authority to sell the property on behalf of Suzico and that the property was not for sale. In response, Mr. Conroy advised Suzico that the closing was scheduled for November 18, 2020. No representative for Suzico appeared for the closing, and ownership of the property was not transferred to Mr. Conroy.[1] Thus, Mr. Conroy demanded specific performance on the contract, as well as attorney fees, which were provided for in the terms of the agreement. In the alternative, Mr. Conroy demanded if Ms. Melanson was found to lack the authority to sign the agreement to purchase and sell on behalf of Suzico, and if Mr. Blackburn was found not to have ratified her action by signing the addendum, then Ms. Melanson should be held personally liable for his damages. In response, Ms. Melanson claimed that Mr. Blackburn's signing of the addendum resulted in Suzico ratifying her action, and she could not be personally liable to Mr. Conroy.[2]

On June 15, 2021, Suzico filed a counterclaim against Mr. Conroy, in which it claimed that Mr. Conroy knew or should have known that the property was offered for sale by realtor Lee Lambert of Latter & Blum, Inc. (Latter & Blum) at a price that was substantially below market value. Further, Suzico claimed that Mr. Conroy and Mr. Lambert colluded to sell the property well below market value before the property was actually listed for sale. Suzico specifically alleged that the agreement to purchase and sell the property was vitiated through fraud. Suzico

---

[1] Mr. Conroy stated in his petition that he had intended to assign the purchaser rights to Capital City Investments, LLC, of which he was a member.

[2] Ms. Melanson made this claim in a motion for summary judgment, which she filed on January 6, 2021, in the original suit filed by Mr. Conroy. On November 17, 2021, the district court granted Ms. Melanson's motion for summary judgment and dismissed all of Mr. Conroy's claims against her with prejudice. That judgment is currently not before this Court.

also claimed that Mr. Blackburn signed the addendum either through coercion or error as to the property's value, induced by Mr. Conroy.

In the same pleading, Suzico filed a third-party claim against Mr. Lambert and Latter & Blum, claiming that on or about August 20, 2020, Ms. Melanson signed a marketing agreement with Mr. Lambert, who was an agent of Latter & Blum, to list property owned by Suzico for sale, but the agreement remained blank so as not to list any particular piece property to be marketed by Mr. Lambert. Suzico further claimed that Mr. Lambert wrote into the marketing agreement the name of the property at issue, and made several copies of the blank marketing agreement so that he could list other properties of Suzico in separate sales.

Suzico alleged that Mr. Lambert listed the property for sale on August 25, 2020, the same day Mr. Conroy signed the agreement to purchase and sell the property. Suzico alleged that on the following day, Ms. Melanson signed the agreement to purchase and sell as the seller without Suzico's authority. Suzico claimed it relied on Mr. Lambert's advice as their fiduciary that the agreed upon price was the best possible price for the property. Suzico further claimed that Mr. Lambert knew or should have known that the price was substantially below the property's true market value. Suzico also claimed that Mr. Lambert had entered into a scheme with Mr. Conroy to purchase the property for a price substantially below market value. Suzico further alleged that Mr. Lambert's and Latter & Blum's actions were fraudulent, and that they were liable to Suzico for the difference between the sale price and the true market value, other damages, and attorney fees.

Additionally, Suzico filed a cross-claim against Ms. Melanson, claiming that at no time did she have written or verbal authority to sell property owned by Suzico. Suzico demanded that in the event specific performance was granted against it, Ms. Melanson should be held liable for the difference between the $1.44

4

million sale price and the actual value of the property. On August 26, 2021, Ms. Melanson filed the instant motion for summary judgment on the cross-claim, again claiming that her actions were ratified by Mr. Blackburn when he signed the addendum, since he was granted in writing the authority to sign on Suzico's behalf.

The district court heard the motion for summary judgment on the cross-claim against Ms. Melanson on January 6, 2022. After the hearing, the district court signed a judgment on March 2, 2022, granting Ms. Melanson's motion for summary judgment and dismissing Suzico's cross-claim against her with prejudice. Suzico has appealed this judgment.

## ASSIGNMENT OF ERROR

Suzico's sole assignment of error is that the district court erred when it improperly granted Ms. Melanson's motion for summary judgment and improperly dismissed the cross-claim against her with prejudice by misapplying the evidentiary standard required to determine whether a genuine issue of material fact exists, and by failing to consider Suzico's uncontroverted evidence that the addendum at issue was void for lack of consent due to fraud or error.

## STANDARD OF REVIEW

The burden of proof on a motion for summary judgment rests with the mover: here, Ms. Melanson. It must first be determined whether the supporting documents presented by the mover are sufficient to resolve all material fact issues. *Bass v. DISA Global Solutions, Inc.*, 2020-0071 (La. App. 1 Cir. 12/30/20), 318 So.3d 909, 916, writ denied, 2021-00147 (La. 3/23/21), 313 So.3d 273. Once the motion for summary judgment has been properly supported by the moving party (*i.e.*, the mover has established the material facts through its supporting documentary evidence), and the mover has made a *prima facie* showing that the motion for summary judgment should be granted, the mover does not have to

5

negate all of the essential elements of the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1).

Thereafter, the burden shifts to the non-moving party, Suzico, to produce factual support sufficient to establish the existence of a genuine issue of material fact, or that Ms. Melanson is not entitled to judgment as a matter of law. Suzico may not rest on the mere allegations of denials in its pleadings, but its responses must set forth specific facts showing that there is a genuine issue for trial. See *Acadian Properties Northsore, L.L.C. v. Fitzmorris*, 2019-1549, 2019-1550 (La. App. 1 Cir. 11/12/20), 316 So.3d 45, 50. In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Id.*

## DISCUSSION

Ms. Melanson submitted her motion for summary judgment at the hearing, with the following attached exhibits: Mr. Conroy's petition and its attached exhibits; Suzico's supplemental and amended answer to that petition; an excerpt from Suzico's responses to Mr. Conroy's discovery requests; and Suzico's responses to Ms. Melanson's discovery requests. The attached exhibits to Mr. Conroy's petition were: the agreement to purchase and sell; the addendum to the agreement; the certificate of authority for Suzico; and the November 13, 2020 letter to Mr. Conroy from Suzico's attorney. In response, Suzico submitted its memorandum in opposition to the motion for summary judgment, with affidavits of Ms. Waters and Mr. Blackburn attached.

Ratification is the adoption by one person of an act done on his behalf by another without authority. Ratification amounts to a substitute for prior authority. *Bamber Contractors, Inc. v. Morrison Engineering & Contracting Co., Inc.*, 385

6

So.2d 327, 331 (La. App. 1 Cir. 1980). The burden of proving ratification is on the party asserting it, and to find ratification of an unauthorized act, the facts must indicate an absolute intent to ratify the act, and no intent will be inferred when the alleged ratification can be explained otherwise. *Id.* Ratification will occur when the principal, knowing of the contract, does not repudiate it but accepts its benefits. *Id.*

Our review of the documents submitted at the hearing indicate that Ms. Melanson executed the agreement to purchase and sell prior to execution of the certificate of authority that expressly authorized Mr. Blackburn to sign on behalf of Suzico. While it is unclear as to whether Ms. Melanson actually had authority to sign the agreement on behalf of Suzico, Mr. Blackburn clearly had the authority to sign the addendum. The exhibits submitted by Ms. Melanson satisfied her burden to prove that Mr. Blackburn had ratified her signature on the agreement to purchase and sell. At that point, the burden shifted to Suzico to prove that a genuine issue of material fact existed as to whether Mr. Blackburn actually ratified Ms. Melanson's signature. See La. C.C.P. art. 966(D). To that end, Suzico submitted the affidavits of Ms. Waters and Mr. Blackburn.[3]

In his affidavit, Mr. Blackburn stated that he signed the addendum under the belief that Suzico would suffer "substantial financial penalties" if he did not sign it, and that the price of $1.44 million was the best price available for the property. Mr. Blackburn stated he was told this by Mr. Lambert. Mr. Blackburn relied on Mr. Lambert's advice and representations when he signed the addendum. After the addendum was signed, other "trusted advisors" of Suzico raised concerns that the sale price was far below the actual value of the property. Mr. Blackburn then

---

[3] The testimony contained in the affidavits of Ms. Waters and Mr. Blackburn are substantially similar.

7

stated that it was later determined that the actual value of the property was more than double the sale price of $1.44 million.

Consent may be vitiated by error, fraud, or duress. La. C.C. art. 1948. However, error vitiates consent only when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party. La. C.C. art. 1949. Mr. Blackburn stated in his affidavit that Suzico relied on Mr. Lambert's advice to determine the best sale price for the property, and that the sale price was a "principal cause for Suzico to go forward with the sale." Mr. Blackburn claimed that he discovered after he had signed the addendum that the agreed upon sale price of $1.44 million was less than half of the property's actual value. If Suzico was mistaken as to the actual value of the property when Mr. Blackburn signed the addendum as a result of Mr. Lambert's misrepresentation, then that mistake may vitiate Suzico's consent if Mr. Lambert knew or should have known. See *Peironnet v. Matador Resources Co.*, 2012-2292, 2012-2377 (La. 6/28/13), 144 So.3d 791, 807.

Suzico specifically pled error and fraud as counterclaims to Mr. Conroy's suit, and alleged the same against Mr. Lambert. See *Sonnier v. Boudreaux*, 95-2127 (La. App. 1 Cir. 5/10/96), 673 So.2d 713, 717. The issue before this Court, as set forth by Ms. Melanson's motion for summary judgment on Suzico's cross-claim, is whether Mr. Blackburn's signature on the addendum ratified Ms. Melanson's signature on the agreement to purchase and sell. The issue of this ratification is so factually intertwined with the issue of fraud or error, that if it were found that fraud or error existed when Mr. Blackburn signed the addendum, then his consent to do so would be vitiated. If the consent is vitiated, then Ms. Melanson's authority to sign on behalf of Suzico becomes a genuine material issue of fact.

8

One of the possible remedies for fraud or error is rescission. See *Peironnet*, 144 So.3d at 808. Rescission would put the parties in the position in which they were prior to the attempted agreement; which, in the instant case, would return the parties to their position prior to the signing of the addendum. See La. C.C. art. 1952, Revision Comments—1984, comment (b); See *Insurance Storage Pool, Inc. v. Parish Nat. Bank*, 97-2757 (La. App. 1 Cir. 5/14/99), 732 So.2d 815, 821. Only after it is decided whether the addendum should be rescinded can it be decided whether Ms. Melanson acted without the authority of Suzico, or whether Suzico ratified her action.

Based on our review, we find that the district court erred in granting Ms. Melanson's motion for summary judgment. Ms. Melanson initially met her burden by presenting sufficient evidence showing her signature on the agreement to purchase and sell was potentially ratified by Mr. Blackburn's signature. Thereafter, the burden shifted to Suzico, and Suzico presented sufficient evidence to show that a genuine issue of material fact existed as to whether error or fraud vitiated Mr. Blackburn's consent. Mr. Blackburn's lack of consent based on error or fraud would vitiate the addendum, which would then no longer operate to ratify Ms. Melanson's signature.

## DECREE

The summary judgment of the Nineteenth Judicial District Court in favor of the appellee, Madeline Ahlgren Melanson, dismissing the cross-claim of the appellant, Suzico, L.L.C., against Ms. Melanson, is reversed, and this matter is remanded for further proceedings. All costs of this appeal are assessed to the appellee, Madeline Ahlgren Melanson.

**REVERSED; REMANDED.**